This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts. **E-FILED**
Wednesday, 26 October, 2022 08:48:52 AM
Clerk, U.S. District Court, ILCD

| | |
|---|---|
| **STATE OF ILLINOIS, CIRCUIT COURT**<br><br>McLean _____ **COUNTY** | **SMALL CLAIMS SUMMONS** |

**Instructions ▼**

| Instructions | |
|---|---|
| Directly above, enter the name of the county where you are filing the case. | AARON MICHAEL SHIPLEY _____<br>**Plaintiff** *(First, middle, last name)* |
| Enter your name as Plaintiff. | v. |
| Enter the names of all people or businesses you are suing as Defendants. | **Defendants** *(First, middle, last name or business name):*<br>TRANSPORTATION SECURITY ADMINISTRATION |
| Enter the Case Number given by the Circuit Clerk. | ☑ **Alias Summons** *(Check this box if this is not the 1st Summons issued for this Defendant.)* |

2022SC000703
**Case Number**

| **NOTE:** | If you are suing more than 1 Defendant, fill out a *Small Claims Summons* form for each Defendant. |
|---|---|

| | |
|---|---|
| In **1(a)**, enter the name and address of a Defendant. If you are serving a Registered Agent, include the Registered Agent's name and address here. | **1. Defendant's address and service information:**<br>a. Defendant's primary address/information for service:<br>Name *(First, Middle, Last):* CHIEF COUNSEL'S OFFICE (ATTN: SUMMONS)<br>Registered Agent's name, if any: _____<br>Street Address, Apt #: 6595 SPRINGFIELD CENTER DRIVE<br>City, State, ZIP: SPRINGFIELD VA 20598-6002<br>Telephone: _____<br>Email Address: ████████@TSA.DHS.GOV |
| In **1(b)**, enter a second address for Defendant if you have one. | b. If you have more than one address where Defendant might be found, list that here:<br>Name *(First, Middle, Last):* _____<br>Street Address, Apt #: _____<br>City, State, ZIP: _____<br>Telephone: _____<br>Email Address: _____ |
| In **1(c),** check how you are sending your documents to that Defendant. | c. Method of service on Defendant<br>☑ certified copy by certified or registered mail ☐ sheriff OR<br>☐ special process server |
| In **2**, enter the amount of money owed to you. | **2. Information about the lawsuit:**<br>Amount claimed: $1,827 |
| In **3**, enter your contact information. | **3. Contact information for the Plaintiff:** |
| Enter your complete address, telephone number, and email address, if you have one | Name *(First, Middle, Last):* AARON MICHAEL SHIPLEY<br>Street Address, Apt #: 602 EAST WASHINGTON STREET #5<br>City, State, ZIP: BLOOMINGTON IL 61701<br>Telephone: 309 ████<br>Email Address: AARON.SHIPLEY@GMAIL.COM |

**GETTING COURT DOCUMENTS BY EMAIL:** You should use an email account that you do not share with anyone else and that you check every day. If you do not check your email every day, you may miss important information, notice of court dates, or documents from other parties.

| | |
|---|---|
| **Important information for the person receiving this form:** | You have been sued.<br>Follow the instructions below on how to appear/answer.<br><ul><li>If you do not appear, the court may decide the case without hearing from you and enter a judgment against you for what Plaintiff is asking.</li><li>Your written *Appearance* must be filed on time and in the proper form.</li><li>Forms for a written *Appearance* are available here: illinoiscourts.gov/forms/approved/default.asp.</li><li>If Plaintiff is suing you for $10,000 or less, you do not need to file an *Answer/Response* unless the judge orders you to do so.</li><li>You may file an *Answer/Response* found here: illinoiscourts.gov/forms/approved/default.asp.</li><li>If you cannot afford to pay the fee for filing your *Appearance* and *Answer/Response*, ask the Circuit Clerk for an *Application for Waiver of Court Fees* found here: illinoiscourts.gov/forms/approved/default.asp.</li><li>Read all the documents attached to this *Small Claims Summons*.</li></ul> |

In 4, enter
- your court date; OR
- your Appearance date;
- check any boxes that apply; AND
- the address of the court building and room where the court date will take place, or where the Defendant may file their *Appearance* or e-file.

For more information about how to complete **4**, see *How to File & Serve a Small Claims Complaint* at illinoiscourts.gov/Forms/approved/Circuit.

**4.**   **Instructions for person receiving this *Small Claims Summons* (Defendant):**

To respond to this *Small Claims Summons,* you must:

☑  Go to court:
On this date:  NOV 22, 2022   at this time:  09:30   ☐ a.m. ☐ p.m.
Address:  104 WEST FRONT STREET   Courtroom:  4D
City, State, ZIP:  BLOOMINGTON IL 61701
**You may be able to attend this court date by phone or video. This is called a "Remote Appearance."** Call the Circuit Clerk at:  309 ▮▮▮▮
*Local Circuit Clerk's phone number*
**or visit their website to find out how to do this.**

☐  File a written *Appearance* with the court:
On or before this date: _____   at this time: _____   ☐ a.m. ☐ p.m.
Address: _____
City, State, ZIP: _____

Forms for a written *Appearance* are available here:
illinoiscourts.gov/forms/approved/default.asp

**STOP!**
The Circuit Clerk will fill in this section.

**Witness this Date:**   10/17/2022

**Clerk of the Court**   ▮▮▮▮▮▮   Sydney Richardson-Forrest

*[Seal of Court — McLEAN COUNTY CIRCUIT COURT, 11th JUDICIAL CIRCUIT, ILLINOIS]*

**STOP!**
The officer or process server will fill in the Date of Service.

Date of Service: _____
*(Date to be entered by an officer or process server on the copy of this Summons left with the Defendant or other person.)*

| | |
|---|---|
| **Plaintiff:** | To serve this *Summons*, see *How to Serve a Summons* at illinoiscourts.gov/Forms/approved/Circuit.asp. |
| **All court users:** | E-Filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit illinoiscourts.gov/faq/gethelp.asp or talk with your local Circuit Clerk's office. |

**This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.**

| | | |
|---|---|---|
| **STATE OF ILLINOIS, CIRCUIT COURT**<br><br>McLean _____ **COUNTY** | **PROOF OF SERVICE OF SMALL CLAIMS SUMMONS & SMALL CLAIMS COMPLAINT** | *For Court Use Only* |

| **Instructions ▼** | |
|---|---|
| Directly above, enter the name of the county where you are filing the case. | AARON MICHAEL SHIPLEY _____<br>**Plaintiff** *(First, middle, last name)* |
| Enter your name as Plaintiff. | v. |
| Enter the names of all people or businesses you are suing as Defendants. | **Defendants** *(First, middle, last name or business name)*:<br>TRANSPORTATION SECURITY ADMINISTRATION<br>6595 SPRINGFIELD CENTER DRIVE<br>SPRINGFIELD VA 20598 |
| Enter the Case Number given by the Circuit Clerk. | ☐ **Alias Summons** *(Check this box if this is not the 1st Summons issued for this Defendant.)* |

2022SC000703 _____
**Case Number**

**\*\*STOP. Do not complete the rest of this form. The Circuit Clerk, sheriff, or special process server will fill in the form.\*\***

**My name is** _____ **, and I state:**
  *First, Middle, Last*

☐  **that I served the *Small Claims Summons* and *Small Claims Complaint* on the Defendant,**
_____ **as follows:**
*First, Middle, Last*

**By Circuit Clerk:**

☐  By certified mail mailed by the Circuit Clerk:
   On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
   Street Address, Unit #: _____
   City, State, ZIP: _____

**By sheriff or special process server:**

☐  Personally on the Defendant:
   Male: ☐ Female: ☐ Non-Binary: ☐ Approx. Age: _____ Race: _____
   On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
   Street Address, Unit #: _____
   City, State, ZIP: _____

☐  On someone else at the Defendant's home who is at least 13 years old and is a family member or lives there:
   On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
   Street Address, Unit #: _____
   City, State, ZIP: _____
   And left it with: _____
                    *First, Middle, Last*
   Male: ☐ Female: ☐ Non-Binary: ☐ Approx. Age: _____ Race: _____
   and by sending a copy to this Defendant in a postage-paid, sealed envelope to the above address on _____ .
                                                                                          *Date*

☐  On the Corporation's agent, _____
                               *First, Middle, Last*
   Male: ☐ Female: ☐ Non-Binary: ☐ Approx. Age: _____ Race: _____
   On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
   Street Address, Unit #: _____
   City, State, ZIP: _____

Enter the *Case Number given by the Circuit Clerk:* _____

☐ **I was not able to serve the *Small Claims Summons* and *Small Claims Complaint* on the Defendant,**

_____ .

*First, Middle, Last*

I made the following attempts to serve the *Small Claims Summons* and *Small Claims Complaint* on the Defendant:

1.  On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.

    Street Address, Unit #:  _____

    City, State, ZIP:  _____

    Other information about service attempt:  _____

    _____

    _____

    _____

2.  On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.

    Street Address, Unit #:  _____

    City, State, ZIP:  _____

    Other information about service attempt:  _____

    _____

    _____

    _____

3.  On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.

    Street Address, Unit #:  _____

    City, State, ZIP:  _____

    Other information about service  _____

    _____

    _____

    _____

| | |
|---|---|
| **DO NOT** complete this section. The sheriff or private process server will complete it. | **If you are a special process server, or licensed private detective, your signature certifies that everything on the *Proof of Service of Small Claims Summons & Small Claims Complaint* is true and correct to the best of your knowledge. You understand that making a false statement on this form could be perjury.** |

Under the Code of Civil Procedure, 735 ILCS 5/1-109, making a statement on this form that you know to be false is perjury, a Class 3 Felony.

**By:** _____

_____

*Signature by*  ☐  Sheriff

  ☐  *Special* process server/
     licensed private
     detective

_____

*Print Name*

**FEES**

By certified registered mail:   $ _____

Service and Return:   $ _____

Miles: _____   $ _____

Total   $ _____

If *Summons* is served by licensed private detective or private detective agency:

License Number: _____

| PRINT FORM | SAVE FORM | RESET FORM |
|---|---|---|

Subject: Claim for Overtime Compensation

To Whom It May Concern:

Pursuant to 29 USC § 216 (b), an action to recover overtime pay may be maintained in any Federal or State court of competent jurisdiction. I bring this action seeking compensation for 30 (thirty) hours of overtime pay owed to me as described here.

I work for the Transportation Security Administration (TSA) and my Permanent Duty Station (PDS) is at the Central Illinois Regional Airport (BMI), 3201 CIRA Drive, Bloomington IL. Beginning on January 25, 2022, I was temporarily assigned to work at General Wayne A. Downing Peoria International Airport (PIA), 6100 W Everett McKinley Dirksen Pkwy, Peoria IL. For the duration of this temporary assignment, I was not provided with government transportation (a government-owned automobile) for the travel required – I was told that I had to use my private automobile for the travel required. I used my private automobile to travel from my home to PIA on the following dates: January 25-27, 30-31, Feb 01, 03, 06-10, 13-16, and 20-24. This is a total of 21 days of travel for this work assignment. Each day of travel resulted in an extra 77 miles of driving above and beyond my normal round-trip commute to my PDS. I submitted claim vouchers for mileage reimbursement for use of a private automobile at 58.5¢ per mile. The vouchers were repeatedly denied and I was given various explanations about how this travel was **"Part of your normal commute"** and **"We don't have to pay you since it's within 50 miles [of your PDS]."** All of these excuses are entirely wrong and conflict with TSA local travel policy which states that travel within the local duty station area (within 50 miles distance of my PDS) is still travel that has to be compensated. Ultimately, management approved my vouchers for reimbursement of mileage on my personal vehicle for travel, in the amount of $946.05 ($45.05 each day of travel for 21 days).

The TSA is refusing to pay me for the time spent traveling. Per the Code of Federal Regulations (Title 5 § 551.422), ***"Time spent traveling shall be considered hours of work if: (2) An employee is required to drive a vehicle…while traveling."*** This applies to my temporary work assignment, because I was required to drive a vehicle a distance above and beyond my regular commute. My regular round-trip commute to work is 9 miles and the distance driven for this temporary work assignment was 43 miles – my time spent driving to or from work each day went from 5 minutes to approximately 50 minutes. A 10x increase in my travel time to this temporary work assignment cannot be considered within the bounds of my normal commute to work.

Furthermore, the Fair Labor Standards Act states that employers (including the federal government) are required to pay employees for travel that they require as part of the job, including travel that is substantially longer than an ordinary commute. Employees who drive to an assignment in another city and return the same day must be paid for their drive time, minus the amount of time they would normally spend on their commute. This is in the Code of Federal Regulations (Title 29 § 785.37), as follows:

***Home to work on special one-day assignment in another city – A problem arises when an employee who regularly works at a fixed location in one city is given a special 1-day work assignment in another city. For example, an employee who works in Washington, DC, with regular working hours from 9 a.m. to 5 p.m. may be given a special assignment in New York City, with instructions to leave Washington at 8 a.m. He arrives in New York at 12 noon, ready for work. The special assignment is completed at 3 p.m., and the employee arrives back in Washington at 7 p.m. Such travel cannot be regarded as ordinary home-to-work travel occasioned merely by the fact of employment. It was performed for the employer's benefit and at his special request to meet the needs of the particular and unusual assignment. It would thus qualify as an integral part of the "principal" activity which the employee was hired to perform on the workday in question; it is like travel involved in an emergency call (described in § 785.36), or like travel that is all in the day's work (see § 785.38). All the time involved, however, need not be counted. Since, except for the special assignment, the employee would have had to report to his regular work site, the travel between his home and the railroad depot may be deducted, it being in the "home-to-work" category. Also, of course, the usual meal time would be deductible.***

The problem I am having getting this pay approved is that various employees of the TSA are using agency policy as an excuse. TSA Handbook 1100.55-8, *Premium Pay*, Section D.6 states "***50-Mile Official Duty Station Limitation – an employee must travel more than 50 miles from his or her official duty station to be outside the limits of his or her official dusty station to be eligible to receive overtime (OT), CT off in lieu of OT, or CT off for travel.***"

The distance between BMI and PIA is 49.5 miles. Due to this, management in the TSA made the administrative mistake of not having my travel for this work assignment be part of my regular work shift. My management incorrectly assumed that this travel could be something they assign as a regular commute and that they could escape responsibility for paying me for the travel (both the mileage reimbursement and pay for the time spent driving). For travel within the local area (the 50-mile official duty station limitation), travel is generally to be done during regular work hours so as not to accrue OT because the TSA handbook states that local travel is not eligible for OT. I now have the problem in that their administrative mistake of assuming that I am not eligible to be paid for my travel time has resulted in me accruing 30 hours of overtime work in excess of my 8-hour shift.

The TSA is refusing to pay me because they continue to insist that my travel is a commute to a different work site within the local travel area, and is not compensable. They say this while simultaneously paying me the mileage for use of my personal vehicle, indicating that this travel IS NOT a commute to a work site. If I were simply making a commute, they would not pay me any mileage. Further to this, on the very day that the TSA finally acknowledged that they are required to compensate me for mileage traveled in my private automobile, they abruptly terminated my temporary work assignment so that I would no longer accrue mileage on my private automobile. Their actions indicate that the TSA understands that my driving to a

temporary work assignment is travel that must be reimbursed. The TSA cannot simultaneously take the position that:
A) this is travel that is reimbursable for mileage traveled in a private automobile, and;
B) it is not travel that is compensable as hours worked.
The TSA cannot simultaneously "Eat their cake and have it [too]."

The position of the TSA goes against two separate parts of the Code of Federal Regulations:
1. 5 § 551.422 (time spent traveling is hours of work if I drive a vehicle)
2. 29 § 785.37 (home-to-work travel on a one-day assignment to another city must be paid)

I sincerely hope you can quickly and fairly adjudicate my claim in my favor. It is incredibly unprofessional, unethical, and immoral for a government agency to say they will not compensate an employee for travel required as part of their job. I spent approximately 5 weeks (21 days total) involuntarily traveling to a distant work site as part of a temporary work assignment. I did not choose to travel to this work site – it was involuntarily assigned to me by my management. I did not choose to use my private automobile for this travel – it was involuntarily required by my management. All I asked for was to have my travel time and costs accrued compensated for in a regular, routine manner as is done by all federal government agencies, and I run into problems of people using incomplete, conflicting internal guidance from the agency as excuses to not pay me.

I fully and completely understand that this travel assignment was made by people who do not seem to understand what employees are supposed to be paid for their travel. It took approximately 4 weeks for them to discover that they cannot assign me to travel 49.5 miles from my PDS and say "We don't have to pay you." Now they are discovering that my travel time (already accrued as OT) is not eligible for OT and are trying to weasel out of paying it. I should not suffer damages (lost pay) for others' administrative errors. If my travel time should not have been OT hours, that is their mistake and they should have to own up to their mistake and make me whole instead of coming up with excuses to not pay me.

Pursuant to 29 USC § 216 (b), an employer is liable for an additional equal amount as liquidated damages. The compensation sought in this complaint includes liquidated damages to make the amount of overtime compensation owed 2x the actual hours (60 hours pay owed instead of 30 hours pay).

Aaron Shipley
602 East Washington Street #5
Bloomington IL 61701

Phone: 309
Email: @Gmail.com